IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JCAP MAGELLAN FUND, LLC,

Plaintiff,

vs.

TWO GOOD SONS INC., a Delaware corporation; OPEN RANGE BEEF HOLDINGS, LLC, a Delaware limited liability company; ORB CCM HOLDINGS, LLC, a Delaware limited liability company; NORTHRIM FUNDING SERVICES, a division of Northrim bank; UNKNOWN TENANTS #1 - 16, the names being fictitious to account for parties in possession;

Defendants.

**7:26CV5022**

**ORDER TO SHOW CAUSE**

This matter comes before the Court *sua sponte* after review of the pleadings. The Court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

On November 23, 2026, Plaintiff, JCAP Magellan Fund, LLC, filed this suit against Two Good Sons Inc., Open Range Beef Holdings, LLC, ORB CCM Holdings, LLC, Northrim Funding Services, and sixteen "Unknown Tenants" for foreclosure and replevin. (Filing No. 1). Plaintiff invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a).

After review, the Court finds Plaintiff has not adequately pled the citizenship of the parties. A party asserting subject-matter jurisdiction based on diversity of citizenship must establish, with specificity in the pleadings, the citizenship of the parties. *See Barclay Square Props. v. Midwest*

*Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Plaintiff's Complaint correctly recognizes that a limited liability company's citizenship is that of its members. *See E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015); Filing No. 1 at ¶ 1. However, Plaintiff then fails to identify the members of the LLC parties and the members' citizenships.

"When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); see also *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). And, if any members of the LLC "are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015)

Plaintiff, which is an LLC, alleges it is "is managed by JCAP Fund Manager, Inc., a Wyoming corporation. For purposes of diversity, Plaintiff is domiciled in the State of Wyoming." This allegation is unclear as to whether JCAP Fund Manager, Inc., is the sole member of Plaintiff. Moreover, a corporation is deemed a citizen of every state in which it is incorporated *and* the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1) (emphasis added); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Plaintiff does not identify JCAP Fund Manager, Inc.'s principal place of business. *See, e.g.*, *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (explaining that it is "inadequate to establish diversity" without stating "a corporate party's state of incorporation and its principal place of business"). Accordingly, Plaintiff has not adequately alleged its citizenship.

Plaintiff also did not adequately allege the citizenship of the LLC defendants. Plaintiff only alleges "Defendant Open Range Beef Holdings, LLC is a Delaware limited liability company" and "Defendant ORB CCM Holdings, LLC is a Delaware limited liability company." Plaintiff does not identify the members of the Defendant-LLCs and those members' citizenships;

therefore Plaintiff has not adequately alleged their citizenships. *See e.g. Transamerica Tire Co. v. Linked Logistics, LLC*, No. 4:25-CV-01734-MTS, 2026 WL 300273, at *1 (E.D. Mo. Feb. 4, 2026) ("[T]o establish complete diversity, the amended complaint must 'identify each of the individual members of the defendant LLC and specifically plead the state of their citizenship.'"); *Peyatt v. ConocoPhillips Co.*, No. 1:24-CV-216, 2025 WL 892834, at *2 (D.N.D. Mar. 24, 2025) ("At present the court cannot determine the [LLCs'] citizenship and whether their inclusion in this action will destroy diversity" because "Plaintiffs have neither clearly identified the citizenship of [their] members.");

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Accordingly, the Court will grant Plaintiff leave to file an amended complaint that cures the deficiencies above to assure this Court it has subject-matter jurisdiction. *See, e.g. Emerson Elec. Co. v. Si*, No. 4:25-CV-00161-MTS, 2025 WL 457750, at *1 (E.D. Mo. Feb. 11, 2025) (requiring the plaintiff to file an amended complaint "identify[ing] each of the individual members of the defendant LLC and specifically plead the state of their citizenship.").

**IT IS ORDERED:** Plaintiffs shall filed an amended complaint to properly allege this Court's subject matter jurisdiction on or before **December 23, 2026**. Failure to do so may result in dismissal of this action without further notice.

Dated this 23rd day of November, 2026.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge